IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JEFFREY PROFFITT,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND JUDGMENT<br><br><br>Case No. 1:14-CR-17 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant's Motion to Amend Judgment. For the reasons discussed below, the Court will deny Defendant's Motion.

　　　　On January 26, 2015, the Court ordered that Defendant be "placed in the custody of the United States Bureau of Prisons for a period on nine months."[1] The Judgment entered by this Court accurately reflects that sentence.[2] Defendant now seeks to amend the Judgment to indicate that he is to receive credit for time spent in custody. Defendant asserts that he was in federal custody beginning on April 29, 2014, the date of his initial appearance. Defendant requests that he be given credit against his federal sentence from April 29, 2014, to his sentencing date of January 26, 2015. "Without such amendment, the Bureau of Prisons has indicated that Mr. Proffitt will be required to serve an additional nine months in federal custody once he is finally released from state custody."[3]

---

[1] Docket No. 302, at 14.

[2] Docket No 245, at 2.

[3] Docket No. 26, at 3–4.

1

Rule 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."[4]  "However, this provision allows correction of only non-substantive errors and does not empower a court to substantively modify a sentence."[5]

In this case, there is no error to which Rule 36 would apply.  The Court ordered Defendant be placed in the custody of the Bureau of Prisons for nine months and the judgment correctly reflects this order.  At sentencing, there was no mention of sentence credit and the Court's pronouncement of the sentence did not contain any recommendation concerning credit for time served.  The issue raised by Defendant's Motion concerns how the Bureau of Prisons calculates his sentence.  This is an issue reserved for the Bureau of Prisons.[6]

The real concern here is that the parties, including the Court, were under the impression that Defendant was in federal custody as of the time of his initial appearance.  It seems that this was not the case.  It appears that Defendant was in the primary custody of the state and is being given credit against his state sentence for the time he asserts he was in federal custody.  Under 18 U.S.C. § 3585(b), the Bureau of Prisons will not give Defendant credit against his federal sentence for time spent in custody that has been credited against another sentence.  Had the parties and the Court known of this situation at sentencing, it could have been properly addressed

---

[4] Fed. R. Crim. P. 36.

[5] *United States v. Swearingen*, 506 F. App'x 804, 808 (10th Cir. 2013).

[6] *United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.").

at that time.[7]  For example, the Court could have ordered Defendant's federal sentence to run concurrent to his state sentence or imposed a sentence of time served.  However, Rule 36 does not allow for this type of substantive modification of Defendant's sentence.

While the Court cannot amend the Judgment under Rule 36, the Court recognizes that the Bureau of Prisons has the authority to retroactively designate the state prison as the place of service of Defendant's federal sentence.[8]  Given the facts presented by this case, the Court affirmatively recommends to the Bureau of Prisons that a retroactive designation be made here.

It is therefore

ORDERED that Defendant's Motion to Amend Judgment (Docket No. 306) is DENIED.  However, the Court recommends that the Bureau of Prisons retroactively designate the state prison as the place of service of Defendant's federal sentence.

Defendant's counsel is directed to provide a copy of this Order to the Bureau of Prisons.

DATED this 14th day of July, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[7] Since Judgment was entered several months ago, Rule 35 is inapplicable.  *United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994) (time limit imposed by Rule 35 is jurisdictional).

[8] 18 U.S.C. § 3621(b).